IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM B. FULMER | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 14-582<br>) |
| DEPARTMENT OF VETERANS<br>AFFAIRS, | )<br>)<br>)<br>) |
| Defendant. | ) |

## Opinion and Order

Plaintiff William B. Fuller, proceeding pro se, commenced this action against the Department of Veteran Affairs ("VA") by filing a Complaint in the Allegheny County Magisterial District Court on April 23, 2014. In his Complaint, Mr. Fulmer alleges that the VA refused to pay for medical care he received at the Forbes Regional Hospital in December 2012 through January 2013. Mr. Fulmer seeks damages in the amount of $3,886.00. On May 6, 2014, the VA properly removed the case to this Court pursuant to 28 U.S.C. §§ 1442 and 1446 as the VA is an agency of the United States. Presently before the Court is the VA's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, with Brief in Support. ECF Nos. 3 & 4. Mr. Fulmer has responded to the motion in two filings. First, on July 7, 2014 he filed a motion to extend the time to respond to the motion to dismiss but also attached as an Exhibit 38 pages of exhibits that are offered in response to the motion to dismiss. ECF No. 7. On July 15, 2014, Mr. Fulmer then filed the remainder of his response, docketed as a Notice of Index to Legal Action. ECF No. 9. For the reasons that follow we will grant the VA's motion and dismiss this action.

## I. Relevant Factual Background

The relevant facts are as follows. Plaintiff William B. Fulmer is a Veteran of the Army National Guard, who has active Medicare Part A and has received medical treatment at the VA Pittsburgh Health System for various conditions, including recurrent cellulitis. On December 26, 2012, he was admitted for treatment of his cellulitis at the VA Hospital and was discharged on December 27, 2012 in fair condition. Mr. Fulmer's condition worsened after he was discharged from the VA Hospital, until on December 29, 2012 he sought emergency care by calling 911.

Although Mr. Fulmer requested that he be taken to the VA Hospital, the ambulance service informed him that due to the heavy snowstorm they would transport him to a closer hospital in the Monroeville area. Mr. Fulmer therefore requested that he be taken to Forbes Regional Hospital. He was admitted to the Hospital and treated until he was discharged on January 2, 2013. On January 9, 2013, and again on January 25, 2013, Mr. Fulmer sought follow-up care from non-VA medical personnel. In addition, he also received chiropractic care from a non-VA doctor.

Originally, Mr. Fulmer sought reimbursement for medical expenses he incurred as follows: $509 for ambulance service on 12/29/12, $85 billed by Allegheny Radiology Associates, $170 billed by Steel Valley Infectious Disease PC, $1156 billed by Forbes Regional Health System, $450 billed by Khan Medical Associates, $260 billed by Washington Infectious Diseases, $310 billed by Premier Medical Associates, $666 for care by emergency medical physicians, and $280 billed by Dr. Robert Biddle for chiropractic care. Thus, the total amount originally requested was $3,886. In his response, however, Mr. Fulmer appears to request reimbursement only for the following amounts: $509.10 for ambulance service on 12/29/12, $1156 billed as a co-payment for Medicare Part A by Forbes Regional Health System, and $240

2

billed by Non-VA Medical personnel on January 9, 25, and 29, 2013, for a total of $1,905.10. Ex F1 at 8, ECF No. 7-1. In addition to seeking reimbursement for medical expenses, Mr. Fulmer also includes allegations of medical malpractice or negligence by VA personnel, although he does not assert such a claim.

The VA seeks to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) based on sovereign immunity, and/or for failure to state a claim upon which relief can be granted pursuant to 12(b)(6). Alternatively, to the extent Mr. Fulmer asserts a medical malpractice claim or other tort claim, the VA seeks summary judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56.

## II. Standards of Review

With regard to Rule 12(b)(1), the United States Court of Appeals for the Third Circuit has explained that such a motion raises the issue of "'the trial court's jurisdiction--its very power to hear the case.'" Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)). A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack the court may consider evidence outside the pleadings. Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891 (other internal citations omitted)).

Defendants are asserting a factual challenge. The United States Court of Appeals for the Third Circuit has "explained that in such a circumstance, a trial court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Robinson, 107 F.3d

3

at 1021 (quoting Intern. Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 711 (3d Cir.1982)). "'[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Robinson, 107 F.3d at 1021 (quoting Mortensen, 549 F.2d at 891).

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.662, 678 (2009), citing Twombly, 550 U.S. at 555.

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence of" the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id., citing Twombly, 550 U.S. at 555. See also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994); *see also* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997). When a Rule 12(b)(6) motion to dismiss contains and relies on matters outside the pleadings, and the court does not exclude these matters, instead it must be treated as a motion for summary judgment. In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287 (3d Cir.1999); DeTore v. Local 245, 615 F.2d 980 (3d

Cir. 1980) (if a motion involves matters of fact outside the pleadings, then it must be treated as a motion for summary judgment). However, in adjudicating motions to dismiss, courts can consider materials integral to the complaint without converting the motion to one for summary judgment. In re Burlington Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir.1997).

"When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1990)); *see also* Rogan v. Giant Eagle, Inc., 113 F. Supp.2d 777, 782 (W.D. Pa. 2000). "'Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court.'" Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed.Proc., L.Ed. § 62:508). In this regard, the documents attached to Defendant's motion to dismiss are all central to Plaintiff's claim against the VA, consisting as they do of either the Plaintiff's own recitation of the facts and events at issue, or the Defendant's official response to Plaintiff and review of its own business records as they relate to Plaintiff.

Finally, if court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## III. Discussion

The VA first seeks dismissal of Plaintiff's claims because he failed to allege a basis for the waiver of the VA's sovereign immunity. The VA is an agency of the Federal government, and an action against the VA is treated as an action against the United States. Sovereign immunity shields the United States and its agencies from suits asserted against it except where the United States has waived by statute its immunity or otherwise consented to suit against it. United States v. Mitchell, 463 U.S. 26, 212 (1983).

The VA has not waived its sovereign immunity and Plaintiff has not asserted any basis upon which we can find that this action is properly asserted against the VA. Accordingly, we will grant Defendant's motion and dismiss this action for lack of subject matter jurisdiction.

Alternatively, we will also dismiss the Complaint for failure to state a claim upon which relief can be granted. First, Mr. Fulmer has alleged no legal basis to find the VA liable for reimbursement of his medical expenses, and we can find none. In addition, the documents clearly demonstrate that the VA in this case did not outright refuse to reimburse Mr. Fulmer, but instead has attempted to assist Mr. Fulmer in receiving whatever reimbursement amounts the VA can lawfully provide. In some instances, the VA has requested that Mr. Fulmer take certain action in order to accomplish the VA's goal of seeking the maximum reimbursement possible.

Finally, because we cannot say that Mr. Fulmer is asserting a claim of medical malpractice or any other tort we need not address the VA's alternative motion for summary judgment.

## IV. Conclusion

We sympathize with Mr. Fulmer's plight in that because he required emergency care during a snowstorm he was unable to be taken to the VA Hospital and as a result incurred some

7

medical expenses that were not covered under his Medicare Part A. It is apparent from MR. Fulmer's response to the motion to dismiss that his concern is not only about reimbursement for his expenses but also about his perception that he was poorly treated by various persons throughout his ordeal. It also seems apparent that the VA Hospital appears to remain willing to assist Mr. Fulmer in receive whatever reimbursement for his expense the VA can lawfully provide. In this regard we encourage the VA and Mr. Fulmer to work together to resolve this situation.

Because we conclude that we lack subject matter jurisdiction over this action as asserted against the VA we will dismiss the Complaint. Because we are also granting the motion to dismiss for failure to state a claim upon which relief can be granted, we "must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)). In this case, it is clear that a curative amendment would be futile as there is no basis upon which we can find the VA liable.

Date: August 13, 2014

Maurice B. Cohill, Jr.
Senior United States District Court Judge

## ORDER

AND NOW, to-wit, this 13th day of August 2014, for the reasons stated in the accompanying Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion to Dismiss (ECF No. 2) is GRANTED because we lack subject matter jurisdiction.

IT IS FURTHER ORDERED that the claims asserted against the Department of Veteran Affairs are hereby DISMISSED and this action shall be marked CLOSED.

/s/ Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: William B. Fulmer, pro se
    1211 Old Concord Road
    Monroeville, PA 15146